UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
VIVIAN PEÑA; FRANCISCO FERNANDEZ,

                Plaintiffs,

           -against-

GENERAL MOTORS COMPANY; MARY BARRA,

                Defendants.
―――――――――――――――――――――――――――――

20-CV-9294 (CM)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND ORIGINAL SIGNATURE

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiffs Vivian Peña and Francisco Fernandez submitted a document to this Court titled, "Civil Court of the City of New York, Application for Summons." Plaintiff Vivian Peña submitted a completed and signed request to proceed *in forma pauperis* (IFP), that is, to request authorization to proceed without prepayment of fees, captioned for this Court. Plaintiff Francisco Fernandez did not sign the "Civil Court of the City of New York, Application for Summons," and he did not submit an IFP application. The Clerk of Court opened Plaintiffs' submissions as a new civil action and assigned docket number 20-CV-9294.

      It is unclear whether Plaintiffs intended to file a new civil action in this Court. To proceed with a civil action in this Court, Plaintiffs must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, each Plaintiff must submit a signed IFP application.[1] *See* 28 U.S.C. §§ 1914, 1915.

---

[1] On December 1, 2020, the filing fees required to file a federal civil action increased to $402.00 – a $350.00 filing fee plus a $52.00 administrative fee. Because Plaintiffs' action was filed prior to December 1, 2020, the increased filing fees do not apply to this action.

Furthermore, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Accordingly, within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or Plaintiff Francisco Fernandez must complete, sign, and submit the attached IFP application. Plaintiff Francisco Fernandez must also complete, sign, and submit the attached declaration indicating that he has read the "Civil Court of the City of New York, Application for Summons," and he is a plaintiff in this action. If Plaintiff Fernandez submits the IFP application and the declaration, they should be labeled with docket number 20-CV-9294 (CM). If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket. No summons shall issue at this time. If Plaintiff Fernandez complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff Fernandez fails to comply with this order within the time allowed, he will be dismissed from this action, and the action will proceed with Vivian Peña as the sole plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 22, 2020
        New York, New York

                                            COLLEEN McMAHON
                                      Chief United States District Judge