UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVIAN PENA and FRANCISCO FERNANDEZ,

                      Plaintiffs,

  -against-

GENERAL MOTORS FINANCIAL COMPANY INC. and MARY BARRA,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2022

20-cv-09294 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiffs Vivian Pena and Francisco Fernandez (together, "Plaintiffs"), proceeding *pro se*, commenced this action on November 5, 2020 (ECF No. 1) against General Motors Financial Company Inc. and Mary Barra (together, "Defendants") after a vehicle they purchased developed an issue with the brake master cylinder pump that they alleged Defendants were aware of before they sold the car. Presently before the Court is Defendants' motion to dismiss and/or for summary judgment. (ECF No. 18.) For the following reasons, the motion is GRANTED.

## BACKGROUND

    The following facts are taken from Plaintiffs' Complaint[1] and the documents incorporated by reference or integral to the Complaint[2] and are accepted as true for purposes of this motion.

---

[1] While docketed as the "Amended Complaint" (ECF No. 4), Plaintiffs appear to have only filed one complaint in this matter.

[2] In deciding a motion to dismiss under Rule 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

1

On August 17, 2015, Plaintiffs leased a 2015 Chevrolet Suburban from General Motors Financial Company Inc. (Declaration of Christopher U. Warren ("Warren Decl.") ECF No. 18 Ex. D.) Pursuant to Plaintiffs' lease documents, Plaintiffs' payments under the 4-year term of the lease totaled $37,851.90 with a net trade-in allowance of $1,150. (*Id*.)

About a year and a half into the lease, the vehicle's brakes began to stiffen up and would not stop the car while driving. (Compl. at 5.) Plaintiffs took the car to the nearest Chevrolet dealership and were told that it had an issue with the brake master cylinder pump. (*Id*.) When they asked for additional information, they were informed that General Motors was aware of this issue and had sent a memorandum to participating dealerships that confirmed the awareness of the issue. (*Id*.) Plaintiffs were not told of the issue and did not receive any recall notice. (*Id*.) Plaintiffs were told that because the vehicle's warranty had expired, they would be responsible to pay for any repairs. (*Id*.) Plaintiffs were then forced to park the car for the remainder of the lease while continuing to make the lease payments and pay for insurance. (*Id*.)

Plaintiffs filed suit on November 5, 2020. (ECF No. 1.) On July 19, 2021, Defendants filed a motion to dismiss. (ECF No. 18.) On December 16, 2021, Plaintiffs filed an opposition (ECF No. 24), and on January 4, 2022 Defendants filed a reply memorandum (ECF No. 27).

## LEGAL STANDARD

### I. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

When a court lacks the statutory or constitutional power to adjudicate a case, it should dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1). *Nike, Inc. v. Already*, LLC, 663 F.3d 89, 94 (2d Cir. 2011). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In assessing whether there is subject matter jurisdiction, the

Court must accept as true all material facts alleged in the complaint or the petition, *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

## II.     Rule 12(b)(6) Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting Twombly, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted).  Nevertheless, a *pro se*

3

plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## **DISCUSSION**

Defendants first aver that the Court lacks subject matter jurisdiction over this action as Plaintiffs have not met the amount in controversy requirement for diversity jurisdiction. To preserve judicial resources, federal courts have limited subject matter jurisdiction over disputes between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are diverse and the amount in controversy exceeds $75,000. *Id*.

The parties do not dispute that the diversity of citizenship element is met here. However, Defendants argue that Plaintiffs fail to adequately plead that the amount in controversy in the litigation before this Court exceeds $75,000. (Memorandum of Law in Support of Defendants' Rule 12 Motion to Dismiss and/or for Summary Judgment ("Mem.") ECF No. 82 at 5-7.). To survive a motion to dismiss, the party asserting diversity jurisdiction, which are the Plaintiffs in this case, must plausibly establish the existence of diversity jurisdiction. *See Lupo v. Human Affairs Int'l*, 28 F.3d 269, 273 (2d Cir. 1994).

When analyzing whether the amount in controversy requirement of diversity jurisdiction is satisfied on a motion to dismiss, the sum claimed by the plaintiff controls if that claim is apparently made in good faith. *Peoples Club of Nig. Int'l v. Peoples Club of Nig. Int'l — N.Y. Branch,* 821 F. App'x 32, 34 (2d Cir. 2020). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Where a party opposing jurisdiction makes such a

showing, a conclusory statement by a party that the amount in controversy is met is insufficient to support subject matter jurisdiction. *See Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 192 (D. Conn. 2014) (granting the defendant's motion to dismiss as "the Plaintiff's only allegation tending to establish the amount in controversy [was] the generic claim in the Complaint that the amount 'exceeds $75,000.00, exclusive of interest and costs'" which was "unsupported by the record"); *John Wiley & Sons, Inc. v. Glass*, No. 10-CV-598(PKC), 2010 WL 1848226, at *3 (S.D.N.Y. May 7, 2010) (suggesting that a conclusory statement that the amount in controversy is met is insufficient to survive a motion to dismiss); *Johnson-Kamara v. W. Chacon Trucking*, No. 05-CV-9900 JFKTHK, 2006 WL 336041, at *3 (S.D.N.Y. Feb. 9, 2006) (holding that the defendants failed to show that the federal court had subject matter jurisdiction because they made "only the conclusory statement that the amount in controversy exceed[ed] $75,000").

Here, the Complaint requests as relief "full refund of all vehicle expenses including ALL lease payments, rentals cost of comparable vehicles and insurance cost for the full term of the lease and any rental vehicle while [the] vehicle sat parked due to faulty brake master cylinder pump . . . ." (Compl. at 6.)  In their motion, Defendants allege that the Complaint fails to show that the amount in controversy exceeds $75,000. (Mem. at 5-6.) Specifically, Defendants aver that New York General Business Law Section 198-a, which covers motor vehicle warranties, states that

> [i]f . . . the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and *refund to the consumer* the full purchase price or, if applicable, *the lease price and any trade-in allowance plus fees and charges* . . . Such fees and charges shall include but not be limited to *all license fees, registration fees and any similar governmental charges*, less an allowance for the consumer's use of the vehicle in excess of the first twelve thousand miles of operation pursuant to the mileage deduction formula defined in paragraph four of subdivision (a) of this section, and a reasonable allowance for any damage not attributable to normal wear or improvements.

5

N.Y. Gen. Bus. Law § 198-a(c)(1) (emphasis added).  Therefore, Defendants aver that Plaintiffs are only entitled to the lease price and any trade-in allowance plus fees and charges.  As shown in Plaintiffs' lease documents, Plaintiffs' payments under the 4-year term of the lease totaled $37,851.90 with a net trade-in allowance of $1,150, making the total amount of damages available only around $39,000.  (Mem. at 6.)

In their response, Plaintiffs fail to address Defendants' argument, and instead state in a conclusory manner that "between the insurance on [the] Chevy Suburban 2015, and the countless rental vehicles, and insurance on those cars, as well as, the amount of [the] Chevy Lease Contract it definitely adds up to $75,000."  (December 16, 2021 letter from Plaintiffs ("Opp.") ECF No. 24 at 2.)  Plaintiffs do not present arguments or evidence showing that Defendants are incorrect in their calculations, nor do they state specific causes of action that would entitle them to such damages.  *See Cadmen v. CVS Albany, L.L.C.*, No. 22-CV-46 (PKC) (SJB), 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022) (remanding case where defendant merely pointed to "generalized allegations" that did not permit the Court to draw a reasonable inference that the damages or amount in controversy exceeded $75,000); *LaSala v. E*Trade Sec. LLC*, No. 05-CV-5869(SAS), 2005 WL 2848853, at *5 (S.D.N.Y. Oct. 31, 2005) ("[A] plaintiff cannot sidestep the jurisdictional question simply by pleading an indeterminate amount of damages, accompanied by a conclusory statement that the amount-in-controversy threshold is met.").  Plaintiffs have failed to adequately plead the amount in controversy, and therefore this Court lacks subject matter jurisdiction over the action.

Accordingly, Defendants' motion to dismiss is granted without prejudice.  *See, e.g., Baker v. New York State*, 128 F. App'x 185, 186 (2d Cir. 2005) ("a *pro se* plaintiff should generally be

afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction").

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED. Plaintiffs are granted leave to file an Amended Complaint consistent with this Opinion and Order on or before May 24, 2022. Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

Accordingly, the Clerk of the Court is respectfully directed to mail a copy of this order to *pro se* Plaintiffs, show service on the docket, and terminate the motion at ECF No. 18.

Dated: March 25, 2022            SO ORDERED:
      White Plains, New York

                                                    NELSON S. ROMÁN
                                                    United States District Judge